Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT

















Opinion issued
February 11, 2010                                                                      



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00508-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



rudy bentancur ortiz, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 434th District Court

Fort Bend County, Texas

Trial Court Cause No. 45643A

 

 



memorandum
opinion

 A jury
convicted appellant, Rudy
Ortiz, of aggravated assault.[1]  Appellant pled true to four enhancement
allegations and the trial court assessed his punishment at fifty-five years
confinement.  In two points of error,
appellant contends that the evidence was
legally and factually insufficient to support the jury’s verdict.  We affirm. 

Background

          A fight erupted at a party attended
by appellant and Henry Bentancur, Jr.  As
the fight was breaking up, appellant pulled a “shank”[2] out of
his pocket.  Appellant then moved away
from the fight and initiated a separate, seemingly unprovoked, altercation with
Bentancur.  Appellant stabbed Bentancur
three to five times with the shank and then fled the scene.  The shank, which had a white handle with a
shiny metal blade that was described as being as long as the palm of one’s
hand, was never recovered. 

Bentancur was transported to Oak Bend
 Hospital emergency
room where he was treated by Dr. Wayne Matzelle.  Dr. Matzelle testified that Bentancur had
four lacerations, one in the chest area, one on the back portion of his upper
arm, one on his right forearm, and one on his upper leg.  Dr. Matzelle also testified that a CAT scan
of Bentancur’s chest showed a fluid that Dr. Matzelle assumed to be blood
pooled below Bentancur’s lungs.  Dr.
Matzelle testified that he did not believe Bentancur’s life was threatened;
Bentancur was nonetheless admitted into the hospital and kept for observation because
the potential for a life-threatening situation was present.

Appellant was subsequently indicted
on two counts of aggravated assault.  Both
counts were enhanced to first-degree felonies by virtue of appellant’s four
previous felony convictions.  At
trial, prior to submitting the case to the jury, the State abandoned the second
count of the indictment—that appellant “intentionally and knowingly threatened
Henry Bentancur, Jr. with imminent bodily injury and did then and there use and
exhibit a deadly weapon.”  The State
proceeded solely on the first count—that appellant “intentionally, knowingly,
and recklessly caused bodily injury to Henry Bentancur, Jr. by stabbing Henry
Bentancur, Jr. with a sharp instrument and did then and there use and exhibit a
deadly weapon, to wit: a sharp instrument, that in the manner of its use and
intended use was capable of causing death and serious bodily injury.”  The jury convicted appellant of the sole
remaining count of aggravated assault. 

Legal sufficiency of the Evidence

          In
his first point of error, appellant contends that the evidence is legally
insufficient to support the jury’s finding “that he intentionally, knowingly,
and recklessly cause[d] bodily injury to Henry Bentancur, Jr. by stabbing
Bentancur with a sharp instrument and did then and there use and exhibit a
deadly weapon, to wit: a sharp instrument, that in the manner of its intended
use and intended use [sic] was capable of causing death and serious bodily
[injury].”  Appellant specifically argues
that no rational trier of fact could have found that he “threatened” Bentancur
or that he caused Bentancur to sustain “serious bodily injury.”

A.              
Standard of Review

In assessing legal sufficiency, this Court must
consider the entire trial record to determine whether, viewing the evidence in
the light most favorable to the verdict, a rational jury could have found
beyond a reasonable doubt that the accused committed all essential elements of
the offense.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55
S.W.3d 608, 612 (Tex. Crim. App. 2001). 
We must “evaluate all of the evidence in the record, both direct and
circumstantial, whether admissible or inadmissible.”  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999).  In conducting a
legal-sufficiency review, we do not reevaluate the weight and credibility of
the evidence, but ensure only that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993).  It is the function of
the trier of fact to resolve any conflict of fact, to weigh any evidence, and
to evaluate the credibility of any witnesses. 
See Dewberry, 4 S.W.3d at 740; see also Matson
v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  We, therefore, resolve any inconsistencies in
the evidence in favor of the verdict, Matson, 819 S.W.2d at 843, and
“defer to the jury’s credibility and weight determinations.”  Marshall v. State, 210 S.W.3d 618, 625
(Tex. Crim. App. 2006).

B.              
Discussion

           Under the legal theory of aggravated assault
presented in the sole count before the jury, a person commits aggravated
assault if he or she (1) intentionally, knowingly, or recklessly, (2) causes
bodily injury to another person and (3) uses or exhibits a deadly weapon during
the commission of the assault.  See Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(2) (Vernon 2009).  To prove bodily injury, one
must show that the victim endured physical pain, illness, or any impairment of
physical condition.  Tex. Penal
Code Ann. §1.07(8)
(Vernon 2009).  Appellant argues that no rational trier of fact could have
found that he “threatened” Bentancur or that he caused Bentancur to sustain
“serious bodily injury.” 
No showing of
“threat” or “serious bodily injury” is required for a conviction for aggravated
assault under the legal theory of the offense presented to the jury.  See
Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(2); see, e.g., Cortez v. State, No. 13-06-00398-CR, 2008 WL 5609415, at *6 (Tex. App.—Corpus Christi
Aug. 27, 2008, pet. ref’d) (mem. op., not designated for publication) (stating
that because State alleged appellant used deadly weapon during commission of
assault, State was required only to prove complainant sustained “bodily injury”
as opposed to “serious bodily injury.”). 
Although the State was required to prove that Bentancur sustained
bodily injuries, it did not have to prove that Bentancur’s injuries were
serious.  Id.  The record
contains ample evidence of bodily injury. 
Bentancur testified that he felt pain when he was stabbed with a sharp
instrument by appellant.  In addition,
Bentancur was admitted to the hospital for his lacerations, and was under
observation due to a bloody fluid accumulating below his lungs.  Accordingly, appellant has failed to raise a
cognizable challenge to the legal sufficiency of the evidence supporting his
conviction for aggravated assault.[3]  We overrule appellant’s first point of error.

Factual sufficiency of the evidence

          In
his second point of error, appellant argues that the evidence was factually
insufficient to support his conviction for aggravated assault under either
prong of the test set forth in Johnson v. State.  23 S.W.3d 1, 11 (Tex. Crim. App. 2000)
(stating that verdict must be set aside on grounds of factually insufficiency
if evidence is so weak that verdict is clearly wrong and manifestly unjust or verdict
is against great weight and preponderance of evidence).  Specifically, appellant
contends (1) that the verdict is clearly wrong and manifestly unjust because
there was no evidence he caused Bentancur to suffer “serious bodily injury” and
(2) the verdict is against the great weight and preponderance of the evidence
because the State’s witness, Dr. Matzelle, testified that Bentancur’s injuries
were not serious or life threatening. 
However, for the reasons stated in the legal-sufficiency section, the
State was not required to prove that Bentancur suffered “serious bodily
injuries” in order to meet its burden of proof. 
The State had to prove only that appellant caused Bentancur “bodily
injury.”  See Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(2); see, e.g., Cortez, 2008 WL 5609415, at *6.  Appellant does not challenge the factual
sufficiency of the evidence with respect to the element of “bodily injury” or
any other element of the count of aggravated assault for which he was
convicted.  Accordingly, appellant has
failed to raise a cognizable challenge to the factual sufficiency of the
evidence supporting his conviction for aggravated assault.  We overrule appellant’s second point of
error. 

CONCLUSION

We affirm the judgment of the trial
court.

 

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel consists of Justices Keyes,
Sharp, and Massengale.

Do not publish.  Tex.
R. App. P. 47.2(b).

 

 











[1]           Tex. Penal Code Ann. §§ 22.01(a)(1),
22.02(a)(2) (Vernon 2009). 





[2]           “Shanks are homemade stabbing devices
common to penal institutions.”  Berry v. State, 833 S.W.2d 332, 333
(Tex. App.—Waco 1992, no pet.).   





[3]           To the extent that
appellant may have intended to challenge the legal sufficiency of the evidence
with respect to any elements of the count of aggravated assault for which he
was convicted, appellant has
failed to brief any such issues adequately on appeal.  See Tex.
R. App. P. 38.1(i) (requiring appellant’s brief contain “a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record”); McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim.
App. 1997).